W. A. Murch *v.* Board of Supervisors of Warren County.

Fees and Costs. *Justice of the peace. County convicts. County's liability for costs. Code* 1892, § 802. *Acts* 1894, *p.* 74.

　Although, from § 802, code of 1892, providing that ''the sheriff shall take a receipt, in duplicate, for each convict delivered by him, and shall deliver one of them to the clerk of the board of supervisors, with a true statement from his jail docket of the amount of the fine, costs and jail fees due by the convict, and that the clerk shall charge the sheriff with the same, except in case the convict be worked on the public roads, . . . when he shall charge it to the proper road, . . . and credit the proper officers with their costs, to be paid to them by warrant on the county treasury,'' as

said section is otherwise re-enacted in § 29 of the act of 1894 (Acts, p. 74), there is an omission of the concluding words thereof, to wit: "When he shall charge it to the proper road, on his ledger accounts, and credit the proper officers with their costs, to be paid out of the county treasury," the county remains liable to a justice of the peace for costs due to him, where the costs and fines have been worked out by the convicts on public roads under the authority of the county, for the omitted clause is a mere direction as to the method of payment, in nowise affecting the power of the board to contract a liability to the officer for his costs by such disposition of the convicts.

FROM the circuit court of Warren county.

HON. JOHN D. GILLAND, Judge.

The opinion states the case.

*Magruder & Bryson*, for the appellant.

The omission of the concluding words of § 802, code 1892, from § 29 of the act of 1894 (Acts, p. 74), does not affect the liability of the county under the general scheme of the law, as indicated in both the code and the act of 1894. The liability arises out of the character of the money collected from the contractor. It is a debt not due to the county or state, but the officers personally, for their official services; and the same characteristic attends the obligation of the county, where it has worked the convicts on the public roads. The money is then due from the county to the officers personally. The concluding words of § 802 of the code, omitted from the subsequent act, must be taken as directing a method of payment merely, otherwise they would work a confiscation of the fees of the officers, while the act of 1894 recognizes their right to the same, and refers to the earnings of the convict as the "wages he is to receive." §§ 3, 4, 7, 8, 27. The money is really that of the convict, to be applied, under the law, to his debt on account of costs, etc. The liability being recognized, there can arise no implication of a purpose to confiscate these costs. A reading of the law will disclose the fact that the omission from the act of 1894 of the words directing the method of payment cannot

have the effect of defeating appellant's claim without operating similarly upon all of those where the costs have been paid in cash, which would be absurd.

If not expressly imposed on the county by the act of 1894, the liability may still arise by implication. *Brabham* v. *Supervisors*, 54 Miss., 363. Where the liability exists it is immaterial that no speoific mode of payment is provided, the right to do so being within the general scope of the board's powers.

*Booth & Anderson*, for the appellees.

The county is not liable unless made so by some express provision of the statute, and we think that, crude as the law is, no such intent will be found in it. The original law will be found in chapter 23, code of 1892, which was so difficult of comprehension that it was repealed by chapter 76, acts 1894, p. 67. Sections 4, 10, 11, 12, 13 and 29 of the act of 1894, are the ones particularly touching the question in controversy. It appears that the amount of wages of the convict was fixed rather as a means of determining the duration of imprisonment than to create a pecuniary credit in his favor. It will be observed that the concluding words of § 802, code of 1892, that impose liability on the county, are omitted from § 29, acts 1894, which is otherwise an exact copy of said § 802. See Acts of 1894, p. 74.

WOODS, J., delivered the opinion of the court.

The appellant presented for allowance to the appellee his itemized and sworn account, whose correctness is not disputed, for costs incurred in his court, and due him by county convicts, in cases where, after conviction and sentence, the convicts were employed in labor on the public roads of the county by appellee, and held to such labor until the judgment and sentence of the court had been fully satisfied, and all costs worked out. The board of supervisors rejected the claim, and, on appeal, the circuit court affirmed the action of the board of supervisors.

In the brief of counsel for appellee the judgment below is sought to be maintained because of a change made in the statute, to be found in § 29, ch. 76, acts of 1894. This section is in these words: "The sheriff shall take a receipt in duplicate for each convict delivered by him, and shall deliver one of them to the clerk of the board of supervisors with a true statement from his jail docket of the amount of the fine, costs and jail fees due by the convict, and the clerk shall charge the sheriff with the same, except in case the convict be worked on the public roads or works or farms." Now, this is a copy of § 802, code of 1892, with the following words, omitted from the act of 1894, which conclude the said section of the code, viz.: "When he shall charge it to the proper road on his ledger accounts, and credit the proper officers with their costs, to be paid to them by warrants on the county treasury."

The position of the appellee is, that the board of supervisors is now no longer liable for payment of costs worked out by convicts on public roads under its direction, because of the omission from the act of 1894 of the words last quoted. If this position is correct, then it is true, also, that the board of supervisors, by the same construction, is no longer liable to the officers for costs paid in money by contractors to the sheriff and by him paid into the county treasury, for the omitted words cover costs paid by cash from the contractor as well as costs worked out under the county's employment on public roads by the convict. And so we would have this remarkable spectacle of a county seizing and confiscating money earned by an unhappy convict and due by him to the officer for costs incurred.

The omitted clause was doubtless dropped because unmeaning in part, and because, as a whole, it directed a mere method of payment. But, whatever the reason for the leaving out of the clause, it nevertheless is clear, from the whole chapter 76, acts of 1894, that the county, at its option, was permitted to work its convicts in preference to hiring them to the contractor, and was authorized to incur precisely the indebtedness which

the contractor would have incurred, if the convicts had been hired by him. Where express power is given the board of supervisors to contract a liability, the authority is necessarily implied to discharge the same. The entire chapter 76 is the warrant to the board of supervisors for making the allowance. The money for which the allowance was sought did not belong to the county. It had been laboriously earned by the convict, and was the property of the officer to whom it was due by the convict, and the county should have made the necessary order for its disbursement to its owner.

*The judgment must be reversed, and judgment will be rendered here.*