PRENTISS COUNTY *v.* CROUCH.

(In Banc. May 26, 1941.)

[2 So. (2d) 553. No. 34608.]

R. T. Jarvis, of Booneville, for appellant.

**Sharp & Sharp,** of Booneville, for appellee.

**Griffith, J.,** delivered the opinion of the court.

The facts sufficiently appear in an order of the board of supervisors of appellant county, which is in the following words and figures:

"Came on for consideration claims of W. T. Crouch, Justice of the Peace, numbered 2445 and 2447, in Claims Docket No. 18 of Prentiss County, Mississippi, and it appearing to the Board that said Claim No. 2445, as itemized in the accounts attached to said claim and made a part thereof, is made up of costs accrued in criminal prosecutions in the court of the claimant, in which prosecutions the defendants were convicted and sentenced by said Justice of the Peace to pay fines, and costs, and in which cases the defendants failed and refused to pay such fines and costs, were committed to the county jail for failure to pay same, and worked out their fines and costs at public works provided by this Board at one dollar per day allowance to each of said convicts on his fine and costs; and

"It appearing to the Board that said claim No. 2447 as itemized in the accounts attached to said claim and made a part thereof, is made up of cost items accrued in criminal prosecutions in the Court of the claimant, in which prosecutions the defendants were duly convicted and sentenced by the claimant to pay fines and costs, and in which prosecutions said defendants were committed to the county jail for failure and refusal on their part to pay such fines and costs, and in which cases said defendants were not provided work by this Board, and for that reason did not work out such fines and costs, but were given a credit of one dollar per day on their fines and costs for remaining in the said jail and were discharged by the Sheriff when they had served correct number of days at one dollar per day credited to their fines and costs.

"Although, this Board of Supervisors finds that the accounts mentioned are properly itemized, that the defendants mentioned in said accounts were duly convicted and sentenced by a court of proper jurisdiction that the claimant is a duly elected, qualified and acting Justice of the Peace of the County, and that the costs set out actually accrued to the claimant and that he is entitled to recover same from the defendants mentioned, it is the

opinion of this Board that it is not authorized by law to allow and pay such costs from the County Treasury, and that said claims should, therefore, be disallowed.''

From this order the justice of the peace appealed to the circuit court, and there the action of the board was reversed and the claims were ordered paid.

In Ex Parte Jackson, 177 Miss. 509, 171 So. 545, we distinctly held that it is mandatory upon the county to furnish work to a county convict and, that for application to, and discharge of, his fine and costs, he must be credited with one dollar per day for every day that he is held prisoner, and this whether he is furnished with work or not. One among the several objects of the statutes constituting the county convict system is that the officers of courts of justices of the peace, when convictions have been had in those courts, shall thereby obtain their costs. In order to fully conserve this purpose it must be held that, unless the costs have otherwise been paid by or for the convict, the first of the days during which the convict is held prisoner must be credited on the per diem basis aforesaid for application to the discharge of the costs, which credits belong to the officers aforesaid and not to the county, and which the county must pay to the officers at reasonable intervals upon presentation to the board of supervisors of verified, itemized costs bills correctly made up under the statutes governing costs in criminal cases in the courts of justices of the peace. Compare Murch v. Board of Sup'rs of Warren County, 73 Miss. 356, 18 So. 540.

Affirmed.